| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/3/14 |
| ALTOUR INTERNATIONAL INC.,<br><br>                          Plaintiff,<br><br>-against-<br><br>NYC LIBERTY GAMES INC.,<br><br>                          Defendant. | 14 Civ. 04094 (AT)(JLC)<br><br>**<u>ORDER</u>** |

ANALISA TORRES, District Judge:

On June 6, 2014, Plaintiff, Altour International Inc. ("Altour"), filed a petition seeking confirmation of an arbitration award against Defendant, NYC Liberty Games Inc. ("NYCLG"), pursuant to 9 U.S.C. § 207. Defendant was served with the petition on July 21, 2014, and proof of service was filed with the Court on July 29, 2014. Defendant has not answered the petition. On September 4, 2014, Plaintiff submitted an affidavit in support of a motion for a default judgment. In response, the Court issued an order (1) advising the parties that proceedings to confirm an arbitration award must be "treated as akin to a motion for summary judgment," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006), and (2) setting forth a briefing schedule for the motion, ECF No. 5. By that order, Defendant was required to submit its opposition to Plaintiff's motion no later than October 17, 2014. *Id.* Defendant failed to do so. To date, Defendant has not appeared in this action. For the reasons articulated below, the arbitration award is CONFIRMED.

## BACKGROUND

Altour is a Delaware corporation with offices in New York City and other U.S. cities, and NYCLG is a New York corporation. Pet. ¶¶ 2, 3, ECF No. 2. On February 25, 2013, Altour and NYCLG entered into "a contract with regard to an event NYCLG had scheduled to be held in New York City in July 2013." Pet. ¶ 8, ECF No. 2; *see* Gleason Decl. Ex. A ¶ 3, ECF No. 6-1.

Altour subsequently alleged that NYCLG breached the contract. Pet. ¶ 9, ECF No. 2. Altour billed NYCLG for damages in the amount of $136,772.72, which NYCLG failed to pay. Gleason Decl. Ex. A ¶¶ 5, 6, ECF No. 6-1. On September 3, 2013, Altour filed a demand for arbitration with the American Arbitration Association. *Id.* ¶ 7. About three weeks later, NYCLG filed an answer denying the claim. *Id.* ¶ 8.

On February 27, 2014, an arbitration hearing was held. Gleason Decl. Ex. B, ECF No. 6-2. Both parties presented evidence. *Id.* At the conclusion of the hearing, NYCLG consented to the entry of an award ("the Consent Award") in favor of Altour, in the principal amount of $136,773.00, plus fees and costs associated with the arbitration totaling $10,475.00. Gleason Decl. Ex. A ¶ A, ECF No. 6-1. The Consent Award stipulated that NYCLG was to pay the total sum of $147,248.00 in increments of $30,000 per month, with payments beginning on April 1, 2014 and ending on August 1, 2014. *Id.* ¶ B. The Consent Award also provided that if NYCLG "fail[ed] to timely make any payment hereunder, or in the manner provided herein, [Altour] shall be entitled to file, without notice to [NYCLG], a motion to confirm the Consent Award." *Id.* ¶ D. Moreover, the Consent Award specified, "[i]f a motion to confirm the Consent Award is filed by [Altour], the amount sought to be confirmed shall not exceed $147,248.00, less credit for any payments made by [NYCLG] pursuant to the Consent Award." *Id.* On March 24, 2014, the arbitrator entered a final award ("the Final Award") approving and adopting the settlement agreement. Gleason Decl. Ex. B, ECF No. 6-2. NYCLG has not made any payments. Pet. ¶ 15, ECF No. 2.

## DISCUSSION

I. <u>Standard of Review</u>

Summary judgment is appropriate when the record shows that there is no genuine dispute

2

as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. Material facts are those which, under the governing law, may affect the outcome of a case. *Id.* In ruling on a motion for summary judgment, all evidence must be viewed in the light most favorable to the non-moving party, *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and the court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Where the non-moving party fails to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co.*, 462 F.3d at 109-10 (internal quotation marks and citation omitted).

II. <u>Confirmation of an Arbitration Award</u>

It is well-settled that courts must accord an arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). An action to confirm an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks and citation omitted). The New York Convention provides only seven limited bases upon which a court may decline to "recogni[ze] and enforce[]" an arbitration award. New York Convention art. V. The party opposing enforcement bears the burden of proving one of the limited defenses. *Zeiler v. Deitsch*, 500 F.3d 157, 164 (2d Cir. 2007). "[T]he showing required to avoid confirmation is very high." *D.H. Blair & Co.*, 462

F.3d at 110. Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (internal quotation marks and citation omitted).

Here, the arbitrator's decision provides more than "a barely colorable justification." *Id.* After holding a hearing and considering the parties' evidence and briefs, the arbitrator adopted the terms set forth in the parties' settlement agreement. Gleason Decl. Ex. B, ECF No. 6-2. There is no indication that the arbitrator acted arbitrarily or exceeded the scope of his authority in entering the Final Award. And, Defendant has failed to respond to Plaintiff's petition, let alone raise any of the possible defenses to the recognition and enforcement of the award under the New York Convention. *See* New York Convention art. V; *see also D.H. Blair & Co.*, 462 F.3d at 112 ("Because the Broker's motion to confirm was unopposed, confirmation of the entire arbitral award is appropriate."). No material issue of fact remains. On this record, confirmation of the award is warranted.

## CONCLUSION

For the reasons stated above, the arbitration award is CONFIRMED. The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $147,248.00 and to close the case.

SO ORDERED.

Dated: November 3, 2014
      New York, New York

_____
ANALISA TORRES
United States District Judge